**E-FILED**
Friday, 07 February, 2014  04:39:27 PM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MARCUS BRENT FIFER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 13-CV-3422 |
| | ) | |
| SANGAMON COUNTY | ) | |
| SHERIFF'S OFFICE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MERIT REVIEW OPINION

SUE E. MYERSCOUGH, U.S. District Judge.

Plaintiff, proceeding pro se and detained in the Sangamon County Jail, seeks leave to proceed in forma pauperis in this civil case.

The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.  In reviewing the Complaint, the Court accepts the factual allegations as true, liberally construing them in Plaintiff's favor.  Turley v. Rednour, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "'state a claim for relief that is

plausible on its face.'"  <u>Alexander v. U.S.</u>, 721 F.3d 418, 422 (7th

Cir. 2013)(quoted cite omitted).

Plaintiff alleges that he has a ruptured disc in his back which

was causing him severe pain on December 6, 2013, when he awoke

at the Jail.  Plaintiff tried to get help and then passed out from the

pain.  Jail Officer Todd Guy allegedly did not believe Plaintiff's

professions of pain and used excessive force to manhandle Plaintiff

into a high risk cell, where Plaintiff was stripped and denied

medical attention.  An unidentified nurse, physician, and

physician's assistant have all denied Plaintiff treatment and pain

medicine for his back pain.

Plaintiff states a claim for excessive force against Defendant

Guy and a claim for deliberate indifference to Plaintiff's serious

medical needs against Defendants Guy, the nurse, the doctor, and

the physician's assistant.  However, no claim is stated against the

Sheriff's Office.  The Sheriff's Department cannot be held liable for

the constitutional violation of its employees.  The Sheriff's

Department is only liable if a policy or practice caused the

constitutional violation.  <u>Teesdale v. City of Chicago</u>, 690 F.3d 829,

833-34 (7th Cir. 2012)(municipality must be "moving force" behind

constitutional violation).  No plausible inference arises that Plaintiff's constitutional deprivations were caused by a government practice or policy.

This case will be sent for service, but only to Defendant Guy. Plaintiff will need to provide the names of the other Defendants in order to accomplish service.

**IT IS THEREFORE ORDERED:**

1)      Pursuant to its merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following constitutional claims:  1) excessive force claim against Defendant Guy; 2) deliberate indifference to serious medical needs claim against Defendant Guy and the unidentified nurse, doctor, and physician's assistant**.**   This case proceeds solely on the claims identified in this paragraph.   Any additional claims shall not be included in the case, except at the Court's discretion on motion by a party for good cause shown or pursuant to Federal Rule of Civil Procedure 15.

2)      The Sheriff's Office is dismissed as a Defendant.

3)     By February 14, 2014, Plaintiff is directed to provide the names of the nurse, doctor, and physician's assistant whom Plaintiff lists as Defendants.

4)     This case is now in the process of service.  Plaintiff is advised to wait until counsel has appeared for Defendants before filing any motions, in order to give Defendants notice and an opportunity to respond to those motions.  Motions filed before Defendants' counsel has filed an appearance will generally be denied as premature.  Plaintiff need not submit any evidence to the Court at this time, unless otherwise directed by the Court.

5)     The Court will attempt service on Defendants by mailing each Defendant a waiver of service.  Defendants have 60 days from the date the waiver is sent to file an Answer.  If Defendants have not filed Answers or appeared through counsel within 90 days of the entry of this order, Plaintiff may file a motion requesting the status of service.  After Defendants have been served, the Court will enter an order setting discovery and dispositive motion deadlines.

6)     With respect to a Defendant who no longer works at the address provided by Plaintiff, the entity for whom that Defendant worked while at that address shall provide to the Clerk said

Defendant's current work address, or, if not known, said

Defendant's forwarding address. This information shall be used

only for effectuating service.  Documentation of forwarding

addresses shall be retained only by the Clerk and shall not be

maintained in the public docket nor disclosed by the Clerk.

7)    Defendants shall file an answer within 60 days of the

date the waiver is sent by the Clerk.  A motion to dismiss is not an

answer.  The answer should include all defenses appropriate under

the Federal Rules.  The answer and subsequent pleadings shall be

to the issues and claims stated in this Opinion.  In general, an

answer sets forth Defendants' positions.  The Court does not rule

on the merits of those positions unless and until a motion is filed by

Defendants.  Therefore, no response to the answer is necessary or

will be considered.

8)    This District uses electronic filing, which means that,

after Defense counsel has filed an appearance, Defense counsel will

automatically receive electronic notice of any motion or other paper

filed by Plaintiff with the Clerk.  Plaintiff does not need to mail to

Defense counsel copies of motions and other papers that Plaintiff

has filed with the Clerk.  However, this does not apply to discovery

requests and responses.  Discovery requests and responses are not
filed with the Clerk.  Plaintiff must mail his discovery requests and
responses directly to Defendants' counsel.  Discovery requests or
responses sent to the Clerk will be returned unfiled, unless they are
attached to and the subject of a motion to compel.  Discovery does
not begin until Defense counsel has filed an appearance and the
Court has entered a scheduling order, which will explain the
discovery process in more detail.

9)      Counsel for Defendants is hereby granted leave to depose
Plaintiff at his place of confinement. Counsel for Defendants shall
arrange the time for the deposition.

10)    Plaintiff shall immediately notify the Court, in writing, of
any change in his mailing address and telephone number.
Plaintiff's failure to notify the Court of a change in mailing address
or phone number will result in dismissal of this lawsuit, with
prejudice.

11)    If a Defendants fails to sign and return a waiver of service
to the clerk within 30 days after the waiver is sent, the Court will
take appropriate steps to effect formal service through the U.S.
Marshal's service on that Defendant and will require that Defendant

to pay the full costs of formal service pursuant to Federal Rule of Civil Procedure 4(d)(2).

12)   **The clerk is directed to enter the standard order granting Plaintiff's in forma pauperis petition and assessing an initial partial filing fee, if not already done, and to attempt service on Defendants pursuant to the standard procedures.**

13)   **The Clerk is directed to enter the standard qualified protective order pursuant to the Health Insurance Portability and Accountability Act.**

14)   **The clerk is directed to terminate the Sheriff's Office.**

ENTERED:   February 7, 2014

FOR THE COURT:

**s/Sue E. Myerscough**
SUE E. MYERSCOUGH
UNITED STATES DISTRICT JUDGE
